IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | No. 3:21-CR-29-KAC-DCP |
| DESHAWN WHITED, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial [Doc. 19], filed on May 17, 2021. The Defendant asks the Court to continue the June 29, 2021 trial date, because counsel needs additional time to complete his review of the voluminous discovery, investigate the facts of the case, and determine whether pretrial motions are needed. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of September 14, 2021.

The Court finds Defendant Whited's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to complete his review of discovery, which he describes as voluminous. Defense

counsel also needs time to investigate factual and legal matters and potentially to file pretrial motions. The Court finds that these pretrial preparations cannot be concluded by June 29 trial date or in less than four months. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 19**] is **GRANTED**. The trial of this case is reset to **September 14, 2021**. The Court finds that all the time between the filing of the motion on May 17, 2021, and the new trial date of September 14, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial [**Doc. 19**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 14, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **May 17, 2021**, and the new trial date of **September 14, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **June 17, 2021**. Responses are due on or before **July 1, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 13, 2021**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **August 31, 2021, at 11:00 a.m.**

(7) The deadline for filing motions *in limine* is also **August 30, 2021**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **September 3, 2021**.

        **IT IS SO ORDERED.**

        ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge