UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )          No. 3:21-CR-29-KAC-DCP-1
                                   )
DESHAWN WHITED,                    )
                                   )
                    Defendant.     )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is the Motion to Substitute Attorney [Doc. 31], filed by Attorney Stephen Ferrell on September 3, 2021. The parties appeared before the Court via videoconference for a motion hearing on September 14, 2021. Assistant United States Attorney Alan Kirk represented the Government. Attorney Stephen Ferrell appeared on behalf of Defendant, who was also present by video. CJA Panel Attorney Mark Brown was also present.

In his Motion to Substitute Attorney [Doc. 31], Attorney Ferrell states that Defendant has asked him to withdraw, as well as that the attorney-client relationship deteriorated to the point that counsel can no longer effectively work with Defendant to properly prepare the case for trial. During the hearing, the Government stated that it took no position on the pending motion.

The Court then conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Attorney Ferrell explained in greater detail the basis

for his motion, and the Court questioned Defendant regarding his request for new counsel and the communication between him and Attorney Ferrell.

Based upon the representations of Attorney Ferrell and Defendant during the sealed portion of the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Substitute Attorney [**Doc. 31**] is **GRANTED**, and Attorney Ferrell is **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Brown agreed to accept representation of Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Brown under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Ferrell is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Brown. Defendant is also **DIRECTED** that the Court will not consider another request for the substitution of counsel absent a showing of extraordinary circumstances or an actual conflict of interest.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Substitute Attorney [**Doc. 31**] is **GRANTED**;

(2) Attorney Ferrell is **RELIEVED** of further representation of Defendant and is **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(3) Attorney Mark Brown is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA; and

2

(4)    Defendant is **DIRECTED** that the Court will not consider another request for the substitution of counsel absent a showing of extraordinary circumstances or an actual conflict of interest.

**IT IS SO ORDERED**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3