IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-29-KAC-DCP |
| | ) | |
| DESHAWN WHITED, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION & DEPOSITION OF MATERIAL WITNESS**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned on December 22, 2022, for a detention hearing as to Christopher Cambron. Assistant United States Attorney Alan Kirk was present representing the Government. Attorney Rachel Wolf was present on behalf of Mr. Cambron, who was also present. Attorney Mark Brown, counsel for Defendant Deshawn Whited, was also present to observe the proceedings.

On December 20, 2022, Mr. Cambron appeared before the Court following the execution of a material witness warrant [Doc. 83]. At that time, the Government moved for detention pursuant to 18 U.S.C. § 3144 [*Id.*]. Mr. Cambron requested a detention hearing and acknowledged and agreed that he would remain in detention pending that hearing [*Id.*]. The Court entered an Order of Temporary Detention, detaining Mr. Cambron until his scheduled hearing on December 22, 2022 [*Id.*]. On December 21, 2022, the Government filed an Unopposed Motion for Rule 15 Deposition of Government Material Witness [Doc. 84] in which it asked that, in the event Mr. Cambron is detained following the December 22, 2022 detention hearing, the Court enter an Order allowing Mr. Cambron to be deposed prior to trial in order to preserve his testimony.

At the detention hearing, the Government moved for the continued detention of Mr. Cambron under 18 U.S.C. §§ 3144 and 3142. Under § 3141, if a material witness is arrested the court is to "treat the person in accordance with the provisions of section 3142 of this title." *Id.* § 3144. Section 3142, in turn, states that a court "shall order the detention of the person before trial" if, after a hearing, it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," § 3142(g) requires that a court "take into account the available information concerning" the four factors listed in that subsection. *Id.* § 3142(g). In the context of § 3144, the relevant inquiry is only whether there are conditions that will reasonably assure the appearance of the person—not whether the individual is a danger to the community. *See United States v. Awadallah*, 349 F.3d 42, 63 n.15 (2nd Cir. 2003) (citing the legislative history of the Bail Reform Act for the proposition that the relevant inquiry in the material-witness context is only whether the individual is likely to appear). Thus, the primary § 3142(g) factor to be considered is "the history and characteristics of the person." 18 U.S.C. § 3142(g)(3); *Awadallah*, 349 F.3d at 63 n.15 (finding the magistrate properly considered the material witness's "character, his physical and mental condition; his family, employment and community ties; and his financial resources").

The Government argued at the detention hearing that further detention is necessary because Mr. Cambron's testimony is material to this case and there are no conditions of release that will reasonably assure the appearance of Mr. Cambron as required when considering his history of substance abuse—including an incident earlier this year in which Mr. Cambron was found slumped over in the driver seat of a car with indicia of drug use present as well as Mr. Cambron's admission

2

that he used heroin multiple times per week—and the numerous unsuccessful attempts at contacting Mr. Cambron prior to the issuance of the material witness warrant. Counsel for Mr. Cambron, in turn, argued that detention is not necessary because there are conditions that will reasonably assure the appearance of Mr. Cambron at trial, including that he be monitored by a third-party custodian. The Court then heard testimony from Mr. Cambron's current roommates, one of whom offered to serve as his third-party custodian.

After considering the evidence proffered by the parties at the hearing, arguments of counsel, the information contained in the Affidavit supporting the material witness arrest warrant [Doc. 78-1], the Amended Pretrial Services Report ("Amended PSR") prepared by the United States Probation Office ("Probation"), and the testimony of Mr. Cambron's roommates, the Court finds that the Government has met its burden to show that there is no condition, or combination of conditions, that will reasonably assure the appearance of Mr. Cambron as required. In making this determination, the Court has considered Mr. Cambron's history and characteristics, including his "family ties, employment, . . . past conduct, history relating to drug or alcohol abuse, [and] criminal history." 18 U.S.C. § 3142(g)(3)(A).

Specifically, the Amended PSR reveals Mr. Cambron currently does not have any close family ties, and he lacks stable employment and residency. While Mr. Cambron represented that he is currently employed and submitted a letter from his employer confirming that he could return to his employment upon his release, he only began working at that employment location two weeks ago, and any employment history prior thereto is unclear and unverified. The Amended PSR also reflects that Mr. Cambron's current residency situation in renting a bedroom has only been in place for the past two weeks. Prior to renting the bedroom, he lacked any temporary or permanent residence and was reportedly homeless. Of most concern to the Court, however, is his past

3

conduct, history of substance abuse, and criminal history. Mr. Cambron proffered that he has actively been using heroin and was going through detoxification symptoms at the time of the hearing. The Government proffered that when they previously spoke with Mr. Cambron, he stated he had been using heroin upwards of ten times per week, and the Amended PSR confirms that Mr. Cambron has an extended history of drug use. While Mr. Cambron stated to Probation that his abuse of other illegal substances ceased a few years ago, there is no indication that Mr. Cambron has stopped using heroin regularly. In addition, a review of Mr. Cambron's criminal history reveals an incident in July 2022, in which Mr. Cambron was found "slumped over in the driver's seat" of a motel parking lot with a syringe, heroin, and fentanyl located in the vehicle. Finally, a search of Mr. Cambron's criminal history revealed that his parole was revoked in 2018 after he absconded from supervised release for six months. These facts lead the Court to find that Mr. Cambron poses a risk of nonappearance.

The remaining question is whether there is any condition, or combination of conditions, that would reasonably assure Mr. Cambron's appearance as required and otherwise alleviate the risk of nonappearance. While the Court acknowledges and appreciates Mr. Cambron's roommates' testimony as well as one of the roommate's willingness to serve as a third-party custodian, the Court finds that neither the proposed third-party custodian arrangement nor any other condition or combination of conditions would reasonably assure Mr. Cambron's appearance, especially since Mr. Cambron only recently moved in with his roommates, who were unaware of his active heroin use and recent criminal history. The Court therefore finds that there are no conditions of release that will reasonably assure the appearance of the person as required. Accordingly, the Court **ORDERS** Mr. Cambron **DETAINED**.

The Court next takes up the Government's Unopposed Motion for Rule 15 Deposition of Government Material Witness [Doc. 84], filed on December 21, 2022, as well as Mr. Cambron's Motion to Depose Material Witness [Doc. 86], which Mr. Cambron's counsel filed following the detention hearing at which she also made an oral motion to depose. Section 3144 states, "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." However, "Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." 18 U.S.C. § 3144. In turn, Federal Rule of Criminal Procedure 15(a)(2) provides, "A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript."

Having ordered Mr. Cambron detained and having received from Mr. Cambron a written motion giving notice to the parties that he is requesting a deposition in accordance with Rule 15(a)(2), the Court **GRANTS** Mr. Cambron's motion for deposition [**Doc. 86**] and **ORDERS** that Christopher Cambron shall be deposed no later than January 3, 2023. Having granted Mr. Cambron's motion, the Court further finds that the Government's motion to depose [**Doc. 84**] is **MOOT**. Once Mr. Cambron has been deposed in accordance with Rule 15(a)(2), "further detention is not necessary to prevent a failure of justice." 18 U.S.C. § 3144. Thus, the Court further **ORDERS** that Mr. Cambron shall be brought before the Court for a hearing on release from the custody of the U.S. Marshals Service within 24 hours after a deposition under Rule 15(a)(2), but no later than January 4, 2023.

Accordingly, the Court **ORDERS**:

(1) Christopher Cambron is **DETAINED**, pending further proceedings in this case;

(2) Mr. Cambron remains committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Mr. Cambron shall be afforded a reasonable opportunity for private consultation with counsel;

(4) On the order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Mr. Cambron is confined shall deliver her to a United States marshal for the purpose of appearance in connection with any court proceeding;

(5) Mr. Cambron's Motion to Depose Material Witness [**Doc. 86**] is **GRANTED**;

(6) The United States' Unopposed Motion for Rule 15 Deposition of Government Material Witness [**Doc. 84**] is denied as **MOOT**;

(7) Mr. Cambron is to be deposed no later than **January 3, 2023**;

(8) The Clerk of Court shall serve a copy of this Order on Defendant Whited, counsel for Defendant Whited, the material witness, counsel for the material witness, counsel for the Government, and the United States Marshals Service;

(9) The United States Marshals Service shall make Mr. Cambron and Defendant available for Mr. Cambron's deposition;

(10) If Defendant Whited desires to waive appearance, Defendant must file a written waiver with the Clerk of the Court prior to the date of the deposition; and

(11) Within 24 hours after the deposition and certification or waiver have been completed, but no later than January 4, 2023, Mr. Cambron shall be brought before the Court for a

6

hearing on the release of Mr. Cambron from the custody of the U.S. Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

7

Case 3:21-cr-00029-KAC-DCP   Document 87   Filed 12/22/22   Page 7 of 7   PageID #: 519