UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:21-CR-29-KAC-DCP |
| ) | |
| DESHAWN WHITED, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This criminal case is before the Court to consider the Report and Recommendation ("Report") issued by United States Magistrate Judge Debra C. Poplin [Doc. 69], recommending that the Court deny Defendant's "Motion to Suppress" [Doc. 56]. Judge Poplin held a hearing on the motion [*See* Doc. 72] and thereafter issued the Report, which concluded that (1) the affidavit supporting the warrant application contained sufficient probable cause "to believe that evidence of [the] robbery would be found at 4130 Lilac" Avenue and (2) Defendant failed to "meet the requisite threshold for a *Franks* hearing" [*See* Doc. 69 at 13, 15]. Defendant objected to both legal conclusions [Doc. 70 at 6, 8]. Because the affidavit established probable cause and Defendant has not demonstrated that he is entitled to a *Franks* evidentiary hearing, the Court **ADOPTS** the Report [Doc. 69], **OVERRULES** Defendant's objections [Doc. 70], and **DENIES** Defendant's "Motion to Suppress" [Doc. 56].

**I. Background**

From December 1, 2020 to January 20, 2021, the Knoxville Police Department ("KPD") investigated "a string of armed robberies"—seven (7) robberies and one (1) carjacking [Doc. 66-1 at 1]. On January 21, 2021, "under penalty of perjury," [*Id.* at 3], KPD Officer Dylan M.

Williams submitted an application and supporting affidavit for a search warrant regarding a residence located at 4130 Lilac Avenue to a Knox County Magistrate Judge, [*See* Docs. 56 at 1; 66 at 1; *see also* Doc. 66-1 at 1-3].

The affidavit described crimes involving a similar vehicle, similar firearm, and similar suspect—who wore similar clothing. During the December 1, 2020 robbery, the suspect drove "a silver Jeep, described as a Patriot" and "had a silver handgun" [Doc. 66-1 at 1.]. During the December 12, 2020 robbery, the suspect "was in a silver Jeep Patriot with a partial TN tag '8W4'" and "had a silver handgun" [*Id.* at 1-2]. The victim of that robbery also noted that the suspect had a "tattoo next to" his eye [*Id.* at 2]. The next five (5) robberies took place from January 12 to January 17 [*Id.*]. During the January 12 robbery, the suspect drove "a silver Jeep Patriot with TN tag 4P13V1" [*Id.*]. The affidavit identified the "TN tag 4P13V1" as "stolen" [*Id.*]. The suspect in that robbery wore "dark blue over white shoes, a black toboggan, and a red bandanna" and "had a silver handgun" [*Id.*]. On January 13 during an "attempted robbery," the suspect drove "a silver Jeep Patriot" [*Id.*]. He wore "dark blue over white shoes, a black toboggan, and a red bandanna" and "had a silver handgun" [*Id.*]. Later that same day, during a separate robbery, the suspect drove "a silver Jeep Patriot with TN tag 4P13V1" [*Id.*]. The affidavit identified "TN tag 4P13V1" as "stolen" [*Id.*]. The suspect in this robbery "was wearing dark blue over white shoes, a black toboggan, and red bandanna" and "had a silver handgun" [*Id.*]. During the January 15, 2021 robbery, the suspect drove "a silver Jeep Patriot," wore "a red bandanna," and "had a silver handgun" [*Id.*]. During the January 17, 2021 robbery, the suspect drove "a silver Jeep Patriot" [*Id.*]. He wore "dark blue over white shoes, a black toboggan, and a red bandanna" and "had a silver handgun" [*Id.*]. "In all but two of the robberies, the suspect was able to get away with cash" [*Id.* at 2].

The affidavit also described law enforcement's efforts to locate the suspect based on information they obtained about the vehicle the suspect was driving. In his sworn affidavit, Officer Williams described the "silver 2010-2016 Jeep Patriot" as "very distinct" "with all of the windows tinted except for the front driver and passenger windows," "stock wheels, chrome door handles, and a black roof rack" [*Id.*]. While "searching for the silver Jeep Patriot," law enforcement "observed a silver Jeep Patriot backed in at 4130 Lilac Ave[nue]" that "matched th[e] description exactly" [*Id.*]. The silver Jeep Patriot at 4130 Lilac Avenue had a tag of "8W40P5" [*Id.*] The car was registered to Carlenia Simmons, Defendant Deshawn Whited's mother [*Id.*] And investigation revealed that Ms. Simmons had a son named Deshawn Whited, who matched the description given by a previous victim and had "a tattoo next to his eye" [*Id.*].

On January 20, 2021, the investigation narrowed following a carjacking. On that date, "[a] silver 2001 Honda Accord was taken at gunpoint by a light skinned black male with a tattoo next to his eye" who "had a silver handgun" [*Id.*]. The victim "positively identified" Defendant Deshawn Whited "when shown a lineup" [*Id.*]. Law enforcement then discovered the "stolen silver Honda Accord" parked next to a "2011 silver Jeep" "tag 8W40P5" [*Id.*]. Officers saw Defendant "going back and forth between the vehicles" until he drove "away in the Honda Accord" [*Id.*]. After law enforcement took Defendant into custody, he stated that "everything in the [Honda Accord] was his," including "a silver handgun" that "matched the one seen on security footage" [*Id.*].

In his sworn affidavit, Officer Williams provided that the "silver Jeep Patriot" was "consistently parked at 4130 Lilac Ave[nue]" [*Id.* at 2]. And he knew that "it is likely that the suspect was staying" at 4130 Lilac Avenue [*Id.* at 3]. The silver Jeep Patriot was also seen at 4130 Lilac Avenue "in between several robberies" [*Id.* at 3]. Based on this information, Officer

3

Williams believed that "evidence from the robberies will be located" at 4130 Lilac Avenue, including "the red bandanna, blue shoes, and black toboggan frequently worn" across the crimes and "other items associated with the robberies, such as the currency taken" [*Id.* at 2-3]. On January 21, 2021, upon reviewing Officer Williams's sworn affidavit, a Knox County Magistrate Judge signed the search warrant [*Id.* at 3-4]. Law enforcement executed the warrant at 4130 Lilac Avenue, identifying evidence linked to the crimes alleged in this case.

On April 27, 2022, Defendant filed a "Motion to Suppress," asking the Court to suppress "all evidence seized from 4130 Lilac Avenue" for two reasons [*Id.* at 1]. **First**, Defendant asserted that "vague details" about the silver Jeep Patriot precluded a finding of probable cause [*Id.* at 4]. Alternatively, Defendant argued that the affidavit does not "establish the required nexus" between the crime and the house because the "only connection" between Defendant and the residence is that "the car belongs to that address," and there is no "observation, surveillance, or even a confidential informant" placing Defendant at 4130 Lilac Avenue [*Id.*]. **Second**, Defendant asserted that Officer Williams provided "misleading facts" in the search warrant affidavit by not explaining why he believed that the Tennessee license plate "4P13V1"—on the silver Jeep Patriot during two (2) of the robberies—was stolen [*Id.* at 5-6]. Additionally, Defendant alleged that Officer Williams "withheld critical information" in the affidavit by "failing to inform the magistrate" that (1) "there were two (2) suspected robbers" on January 15, 2021 and (2) the firearm law enforcement recovered during Defendant's arrest "had silver on the top, but was primarily black" [*Id.* at 6; *see also* Doc. 56-1 at 3]. Based on briefing and a hearing, [*see* Docs. 56; 66; 72], Judge Poplin issued the Report [Doc. 69], to which Defendant objected [Doc. 70; *see also* Doc. 71 (United States's response to Defendant's objections)].

4

## II. Analysis

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a timely objection is made under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b)(3) ("district judge must consider de novo any objection to the magistrate judge's recommendation"). However, the Court need not engage in de novo review of undisputed portions of the Report. *See Mira*, 806 F.2d at 637.

### A. The Sworn Affidavit Supported A Finding Of Probable Cause And Provided A Nexus Between The Residence To Be Searched And The Armed Robberies.

Defendant objected to the Report's legal conclusion that the affidavit supplied probable cause for a search warrant to issue based on his assertion that "there is no independent corroborating evidence" tying evidence of the crimes to 4130 Lilac Avenue and "what evidence there is[] [in the affidavit] falls well short of probable cause" [Doc. 70 at 6]. *See* 28 U.S.C. § 636(b)(1)(C); *Mira*, 805 F.2d at 637; Fed. R. Crim. P. 59(b)(3).

The Fourth Amendment provides, in pertinent part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "This constitutional protection, applicable here through the Fourteenth Amendment, requires that a warrant to search a residence be supported by an application showing probable cause." *United States v. Sumlin*, 956 F.3d 879, 895 (6th Cir. 2020). "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular

5

place." *United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005) (quoting *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003)).  It is a "commonsense, practical question" bearing on the "factual and practical considerations of everyday life," *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983), that is "limited to the information presented in the four corners of the affidavit," *United States v. Brown*, 828 F.3d 375, 381 (6th Cir. 2016) (quoting *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009)).  A reviewing court "look[s] holistically at what the affidavit does show, instead of focusing on what the affidavit does not contain." *United States v. Christian*, 925 F.3d 305, 312 (6th Cir. 2019).  A finding of probable cause receives "great deference," from a reviewing court so long as the magistrate judge "had a substantial basis for concluding that a search would uncover evidence of wrongdoing." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc) (quoting *Gates*, 462 U.S. at 236).

"Probable cause exists to search a residence if an affidavit directly connect[s] the residence with the suspected [illegal] activity." *United States v. Sheckles*, 996 F.3d 330, 341 (6th Cir. 2021) (quotations and citations omitted).  To do so, the affidavit must "state a nexus between the place to be searched and the evidence sought." *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008) (quoting *United States v. Bethal*, 245 F. App'x 460, 464 (6th Cir. 2007)).  "[A]n issuing judge may infer that a criminal suspect keeps the 'instrumentalities and fruits' of his crime in his residence." *Id.* at 688; *see United States v. Cobb*, 397 F. App'x 128, 133 (6th Cir. 2010) (inferring nexus between defendant's residence and evidence of "the same clothing" and "the same gun" used across robberies where both the "clothing and gun likely would have been in [his] possession six weeks following the final robbery . . . either to hide or potentially use in a future robbery"); *United States v. Jackson*, 240 F. App'x 88, 90 (6th Cir. 2007) (inferring nexus between defendant's

6

residence and currency from bank robberies after law enforcement discovered "some but not all of the money taken from the bank" earlier that day in defendant's car).

The totality of the circumstances relayed in the sworn affidavit established probable cause. The affidavit did not merely list "vague details" about a vehicle to support probable cause. Instead, it detailed victims' descriptions of a specific silver Jeep Patriot used during the December 2020 and January 2021 robberies. A silver Jeep Patriot that matched both the victims' descriptions and the partial tag identified in one robbery was located "backed in" at 4130 Lilac Avenue [Doc. 66-1 at 2]. The silver Jeep Patriot was "consistently parked" at 4130 Lilac Avenue [*Id.*] Thereafter, the same silver Jeep Patriot was seen at the 4130 Lilac Avenue residence between several of the robberies [*Id.* at 3]. Law enforcement believed that Defendant was staying at 4130 Lilac Avenue [*Id.*]. This belief was corroborated by the fact that the Jeep Patriot located at 4130 Lilac Avenue was registered to Defendant's mother [*See id.* at 2]. Further, after the January 20 carjacking, law enforcement observed Defendant "going back and forth" between the carjacked vehicle and the silver Jeep Patriot registered to his mother, seen at 4130 Lilac Avenue between the crimes, and described by victims [*Id.*]. Upon his arrest, Defendant admitted that a silver handgun matching both video surveillance and the carjacking victim's description was his.

A mere fifty (50) days separated the seven (7) robberies; and during several of the robberies, the suspect wore similar clothes, shoes, and a red bandana. Given that the silver Jeep Patriot was seen at 4130 Lilac Avenue between several of the robberies and Defendant (then identified by victims) was likely staying at the residence, it was reasonable for the magistrate judge to conclude that evidence of the robberies, including clothing worn during the robberies and currency obtained from the robberies, would be located at the 4130 Lilac Avenue residence. *See Cobb*, 397 F. App'x at 133; *Jackson*, 240 F. App'x at 90. Thus, the contents of the affidavit create

7

a fair probability that currency obtained from, and clothing worn during several similar robberies would be located at the residence, supporting the magistrate judge's finding of probable cause and the Report's conclusion. *See Williams*, 544 F.3d at 688; *Allen*, 211 F.3d at 973.

> **B.  Defendant Has Failed To Meet His Burden To Demonstrate That He Is Entitled To A *Franks* Evidentiary Hearing.**

Defendant objected to the Report's legal conclusion that Defendant did not make a sufficient preliminary showing for a *Franks* evidentiary hearing [Doc. 70 at 8]. *See* 28 U.S.C. § 636(b)(1)(C); *Mira*, 805 F.2d at 637; Fed. R. Crim. P. 59(b)(3). Defendant specifically argued that Officer Williams's failure to include information from "a police report" "indicat[ing] that there were two (2) robbers" involved in the January 15 robbery "denied [the magistrate judge] important information" [Doc. 70 at 8]. Separately, Defendant appeared to argue that the affidavit did not provide a basis for the conclusion that the license plate on the Jeep Patriot during the January 12 and January 13 robberies was "stolen" and that this supports his request for an evidentiary hearing [*Id.*].

There is "a presumption of validity with respect to the affidavit" supporting a search warrant. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Under *Franks*, "where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and "the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155-56 (emphasis added). A defendant must "point out specifically the portion of the warrant affidavit that is claimed to be false" and "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished" to support the falsity, or the "absence" of such statements should be "satisfactorily

8

explained." *Id.* at 171. A *Franks* evidentiary hearing may also "be merited when facts have been omitted in a warrant application, but only in rare instances." *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998). "[E]xcept in the *very* rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause, *Franks* is inapplicable to the omission of disputed facts." *Id.* at 816 (emphasis in original). Neither conclusory assertions nor conjecture suffice. *Franks*, 438 U.S. at 171; *see United States v. Ennis*, No. 21-1093, 2022 WL 976930, at *3 (6th Cir. Mar. 31, 2022) (affirming denial of *Franks* hearing where the defendant argued that there was "no way for him to know whether the information upon which the warrant was founded is false"); *United States v. Fisher*, 824 F. App'x 347, 354 (6th Cir. 2020) (affirming denial of evidentiary hearing where the defendant presented no evidence showing that the affiant omitted information with an intent to mislead). Defendant has a "heavy burden." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019).

Defendant has failed to meet his threshold burden. He has not provided any evidence in support of his claim that Officer Williams intended to mislead the magistrate judge by omitting information about a second suspect allegedly involved with Defendant in the January 15 robbery. *See Fisher*, 824 F. App'x at 354. And Defendant has not provided any evidence to indicate that Officer Williams misled the magistrate judge by indicating that the Tennessee license plate "4P13V1" on the silver Jeep Patriot during two (2) of the robberies was stolen. To the contrary, Defendant admits that he "does not have the ability to prove" that the license plate was or was not stolen [Doc. 70 at 8]. *See Ennis*, 2022 WL 976930, at *3. As such, he has not made a "substantial preliminary showing" that Officer Williams included a misleading statement or omission in the affidavit. *See Franks*, 438 U.S. at 171-72; *Mays*, 134 F.3d at 816.

9

But even if Defendant could meet his initial burden, neither the allegedly misleading statement nor omission was necessary to establish probable cause. As previously discussed, the affidavit provided sufficient information for the magistrate judge to conclude that evidence of the robberies would be found at 4130 Lilac Avenue, where law enforcement believed Defendant stayed. This conclusion is not impacted by whether the license plate on the Jeep Liberty during two of the robberies was stolen or whether another suspect was also involved in the January 15 robbery. *See United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008) (rejecting evidentiary hearing where "additional information would have had no impact on the finding of probable cause"). Independent of the purported misleading or omitted information, the affidavit details an "ample amount of other evidence to support a finding of probable cause." *See United States v. Crawford*, 943 F.3d 297, 310 (6th Cir. 2019). Because Defendant has not met his burden, he is not entitled to a *Franks* evidentiary hearing. *See Franks*, 438 U.S. at 155-56.

### III. Conclusion

For the reasons stated above, the Court **OVERRULES** Defendant's "Objection to Report and Recommendation" [Doc. 70], **ADOPTS** the "Report and Recommendation" [Doc. 69], and **DENIES** Defendant's "Motion to Suppress" [Doc. 56].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge